IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-0031-JLK-BNB

ALTA A. PAPE,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

_____

ORDER REMANDING CASE TO STATE COURT
_____

KANE, J.

    This matter is before me on the Notice of Removal (Doc. 1) filed January 7, 2008 by Defendant Target Corporation. Defendant asserts the matter in dispute exceeds the sum or value of $75,000 and is between citizens of different states such that Defendant is entitled to removal under 28 U.S.C. § 1441(a). On January 9, 2008, Plaintiff filed an Objection to the Notice of Removal (Doc. 6). For the reasons stated below, I sustain Plaintiff's Objection and find the Notice inadequate to establish removal jurisdiction.

    To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. In this circuit, courts are "rigorously [to] enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284,

1289 (10th Cir. 2001) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998)). "[T]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *see Franklin*, 251 F.3d at 1289, so that all doubts are resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

In a removal case, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332, specifically including the amount in controversy requirement, have been satisfied. *Franklin*, 251 F.3d at 1290. When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by a preponderance of the evidence. *Id.* A defendant's assertion, with nothing more, that the matter in controversy exceeds $75,000 is insufficient to establish removal jurisdiction. *See Huffman*, 183 F.3d at 1185 (plaintiff's deposition ultimately established amount in controversy exceeded jurisdictional minimum, but case remanded because defendant failed to remove case within thirty days of discovering that fact). Nor may a defendant rely on a Civil Cover Sheet filed by the plaintiff in the State Court to establish that the amount in controversy exceeds the jurisdictional minimum. *Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434 (D. Colo. Oct. 4, 2007).

In the instant case, Defendant relies solely on the Civil Cover Sheet filed by Plaintiff in the State Court to establish that the amount in controversy exceeds $75,000. Notice of Removal, ¶ 4. While this jurisdictional prerequisite may, in fact, be satisfied in

this case, removal is improvident unless and until that fact is established in accordance with the rules stated above. As a result,

IT IS ORDERED that this case be REMANDED to the Denver County District Court.

Dated this 10th day of January, 2008.

s/John L. Kane  
John L. Kane, Senior Judge  
U.S. District Court